# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1508010051
)
JEREL A. HARRISON, )
)
Defendant. )

## ORDER

**AND NOW TO WIT,** this 6th day of October, 2016, the Court having duly considered the Defendant's Motion for Reargument as to a Finding of Guilt and the State's response thereto,[1] **IT APPEARS THAT:**

1.     Following an incident in the University of Delaware men's football locker room on August 13, 2015, a New Castle County Grand Jury indicted the Defendant, Jerel Harrison (hereinafter "Defendant"), on charges of Assault First Degree and Possession of a Deadly Weapon During the Commission of Felony.[2]

2.     Defendant waived his right to a jury trial, with no objection from the State, and the case proceeded as a bench trial.  At trial, the Defendant argued a justification defense pursuant to 11 *Del. C.* § 464.

3.     At the close of trial, after hearing and reviewing all the evidence and considering the arguments of counsel, the Court announced its general finding pursuant to Superior Court Criminal Rule 23(c).  The Court found the Defendant

---

[1] D.I. 31, 34.
[2] The State alleged that Defendant assaulted a fellow player with a football helmet–"a deadly weapon or dangerous instrument."  D.I. 4.

guilty of the lesser included offense of Assault Second Degree and not guilty of Possession of a Deadly Weapon During the Commission of a Felony. The Court found no justification under 11 *Del. C.* § 464.

4. After the Court rendered its general finding, defense counsel questioned the burden of proof for justification, arguing that the Court misstated the burden in its general finding.[3] After review and discussion with counsel, the Court agreed that it had misstated the burden, and held that the State bears the burden of disproving justification beyond a reasonable doubt as opposed to the Defendant proving justification by a preponderance of the evidence. The Court then advised counsel that this did not change the Court's verdict and stated, "I find that the State disproved justification beyond a reasonable doubt." Thus, the Court immediately corrected the error, applied the appropriate burden of proof for justification, and held that its guilty verdict as to the lesser included offense of Assault Second Degree remained unchanged.

5. A Motion for Reargument in a criminal case is governed by Superior Civil Rule 59(e).[4] Pursuant to Rule 59(e), a motion for reargument will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the

---

[3] The Court advised defense counsel that his co-counsel advised the Court at the start of trial that the burden was preponderance of the evidence and that the Defendant bore that burden.
[4] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016).

2

outcome of the underlying decision."[5] A motion for reargument is not an opportunity to rehash arguments already decided by the Court or to raise new arguments not raised previously.[6] For the Court to grant a motion for reargument, the moving party must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[7]

6. Defense counsel previously raised the arguments set forth in his instant motion on August 1, 2016, after the Court announced its general finding, and the Court considered them. The Court applied the appropriate burden of proof for justification, and, finding the State disproved justification beyond a reasonable doubt, found Defendant guilty of Assault Second Degree. The Court has not overlooked controlling precedent or legal principles, or misapprehended the law or facts. And, the Defendant has failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice.

**NOW THEREFORE**, for the foregoing reasons, Defendant's Motion for Reargument as to a Finding of Guilt is **DENIED**.

**IT IS SO ORDERED**.

_____
Jan R. Jurden, President Judge

cc: Prothonotary

---

[5] *Id.* (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[6] *Id.*
[7] *Id.* (quoting *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000).

3